IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ROBERT HAMBLIN, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 2:24-cv-02015-SHM-tmp |
| | ) |
| ANTHONY ALEXANDER, ET AL., | ) |
| Defendants. | ) |

**ORDER DENYING MOTIONS FOR VOLUNTARY DISMISSAL AND REFUND OF FILING FEE (ECF NOS. 11 & 12)**

On January 8, 2024, Plaintiff Robert Hamblin, who is assigned Tennessee Department of Correction prisoner number 207655 and incarcerated at the Shelby County Department of Corrections (the "SCDC") in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)  On October 11, 2024, the Court granted leave to proceed *in forma pauperis*. (ECF No. 10.)

On March 11, 2025, Hamblin filed a motion to voluntarily dismiss the case.  (ECF No. 11.) Hamblin alleges that he is "asking for dismissal" because he is "not abal [sic] to pay" the filing fee.  (*Id*. at PageID 40.)  He asks the Court to "send something to trust funds letting them know so they will stop getting the $50.00 in my trust funds my mother sends for food and higen [sic]."  (*Id*.)

On March 14, 2025, Hamblin filed another motion seeking voluntary dismissal of the case. (ECF No. 12.)  Hamblin alleges he "do[es] not whant [sic] to go no farther with my civil cases" because he "cannot pay for fees and […] I have to b[u]y food and higen [sic] for myself."  (*Id*. at PageID 42.)

Federal Rule of Civil Procedure 41(a) allows a plaintiff to dismiss his case before the opposing party serves an answer.  Fed. R. Civ. P. 41(a) ("[T]he plaintiff may dismiss an action

without a court order by filing […] a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment […]").) Hamblin, though, seeks dismissal of this case conditioned on not paying the filing fee that 28 U.S.C. § 1914(a) requires. (ECF No. 11 at PageID 40; ECF No. 12 at PageID 42.) Hamblin's conditional request is not well taken.

The responsibility for paying the filing fee accrues when the complaint is filed. *McGore v. Wrigglesworth*, 114 F.3d at 601, 607 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *cf. In re Alea*, 286 F.3d 378, 381-82 (6th Cir. 2002) (dismissal of civil action filed by prisoner pursuant to § 1915(g) did not obviate the obligation to pay the filing fee). Neither the authorizing fee statute, 28 U.S.C. § 1914, nor the *in forma pauperis* statute, 28 U.S.C. § 1915, provides for a refund of the filing fee or portion of the filing fee for any reason. Considering the absence of statutory authority to refund filing fees, courts have generally denied requests for refunds after the commencement of a case, even when plaintiffs seek to voluntarily dismiss the case. *See Hardy v. Stokes*, No. 2:24-cv-1798, 2025 WL 2258554, at *1 (E.D. Cal. Aug. 7, 2025) (citing cases); *Reed v. Newsom*, No. 3:20-cv-2439, 2021 WL 3406283, at *3 (S.D. Cal. Aug. 4, 2021) (same).

Absent authority permitting the Court to issue a refund of the filing fee to Hamblin under the circumstances of this case, Hamblin's motions for voluntary dismissal (ECF Nos. 11 & 12) are **DENIED WITHOUT PREJUDICE**, subject to Hamblin's right to file a motion for voluntary dismissal that is not conditional on refund of the filing fee.

IT IS SO ORDERED this  14th  day of August, 2025.

                    /s/ *Samuel H. Mays, Jr.*
                    SAMUEL H. MAYS, JR.
                    UNITED STATES DISTRICT JUDGE